IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ALVIN L. EWING, II,

       Defendant.

Case No. 14-CR-40084-SMY

**AMENDED MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendant's Motion for Leave of Court re: Evidentiary Hearing (Doc. 43) and Motion to Issue/for Service of Subpoena (Doc. 49). The Court construes Defendant's Motion for Leave of Court re: Evidentiary Hearing (Doc. 43) as a motion to reconsider this court's Order denying Defendant's Motion to Suppress (Doc.28). After further review of all motions, responses, and exhibits filed regarding Defendant's Motion to Suppress and subsequent motions, **the Court hereby AMENDS its previous Order (Doc. 47) and DENIES** Defendant's Motion to Reconsider in its entirety.

    Although the Federal Criminal Code and Rules do not authorize or even mention motions to reconsider, *United States v. Rollins*, the United States Supreme Court has held that motions to reconsider may be filed in criminal cases in district courts. See *United States v. Healy*, 376 U.S. 75, 77 (1964); *United States v. Kalinowski*, 890 F.2d 878, 881 (7th Cir. 1989). Motions to reconsider filed in criminal cases generally are "treated just like motions in civil suits." *Rollins*, 607 F.3d at 502.

    Rule 60(b) permits a court to reconsider a prior order or judgment on certain grounds, such as mistake, newly discovered evidence, fraud, misrepresentation or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). See also *Musch*

1

*v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009). However, motions to reconsider are not the appropriate vehicle to rehash previously rejected arguments. *Musch*, 587 F.3d at 861. Additionally, relief under Rule 60(b) "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).

Here, Defendant has provided no legal basis for the Court to amend or modify its order denying Defendant's Motion to Suppress. Defendant indicated in his Motion to Reconsider that there is further evidence for the Court's consideration. Specifically, Defendant argues that a transcript of a state court preliminary hearing obtained after the filing of the Motion to Suppress contains new information regarding the non-existence of video of the stop, the training of the K-9 utilized during the stop, and the use of personal cell phones by officers. Upon further review, the Court finds that this does not constitute new evidence as this information was contained in reports and other documents disclosed to the Defendant prior to the filing of the Motion to Suppress. Rather, the new evidence is cumulative and does not provide a basis for an evidentiary hearing. Further, proceeding would only serve to allow Defendant to conduct discovery in an effort to find a defense to a criminal charge. *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002)).

Accordingly, Defendant's Motion for Leave of Court re: Evidentiary Hearing (Doc. 43) is DENIED and the hearing scheduled in this matter for March 25, 2015 is vacated. Defendant's Motion to Issue/for Service of Subpoena (Doc. 49) is DENIED as MOOT.

**IT IS SO ORDERED.**

**DATED:  March 18, 2015**

/s/   Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**